

VIRGINIA:

IN THE CIRCUIT COURT FOR ROANOKE COUNTY

| | |
|---|---|
| HELEN PERRY,<br><br>    Plaintiff,<br><br>v.<br><br>KROGER LIMITED PARTNERSHIP I<br><br>    Serve:<br><br>    Kroger Limited Partnership I<br>    By its Registered Agent<br>    Corporation Service Company<br>    100 Shockoe Slip, 2nd Floor<br>    Richmond, Virginia 23219<br><br>and<br><br>ARAMARK UNIFORM & CAREER<br>    APPAREL, LLC<br><br>    Serve:<br><br>    Aramark Uniform & Career<br>    By its Registered Agent<br>    CT Corporation System<br>    4701 Cox Road, Suite 285<br>    Glen Allen, Virginia 23060<br><br>    Defendants. | Case No.: CL18-976 |

## COMPLAINT

    Plaintiff Helen Perry, by counsel, moves the Court for judgment against defendants Kroger Limited Partnership I ("Kroger") and Aramark Uniform Services ("Aramark"), jointly and severally, on the grounds and in the amount hereinafter set forth:

    1.    Defendant Kroger is and was at all relevant times a limited liability partnership conducting business in the Commonwealth of Virginia, and is in the business

1



of owning, managing and/or operating grocery stores known as Kroger, including one such store located at 3970 Valley Gateway Boulevard, Roanoke, Virginia 24012, in (the "Grocery Store").

2. Defendant Aramark is and was at all relevant times a corporation conducting business in the Commonwealth of Virginia, and is in the business of providing floor mats to other businesses including Kroger, and specifically provided floor mats for use at the Grocery Store. Aramark's floor mats were in use at the Grocery Store on January 9, 2018.

3. On or about January 9, 2018, plaintiff Helen Perry was, at the express or implied invitation of Kroger, shopping at the Grocery Store.

4. At that time and place, a place of business in which the general public was invited, defendants Kroger and Aramark, individually and collectively, and their respective agents and employees, each had a duty to maintain the Grocery Store in a reasonably safe condition; to make reasonable inspections to determine whether any latent defects existed; to remove within a reasonable time any latent defects that were known, or in the exercise of ordinary care should have been known, by them or either of them, to be present and to present a danger to invitees; or to warn Mrs. Perry of any unsafe or dangerous condition if it was not known, and not reasonably expected to be known, to Mrs. Perry.

5. Notwithstanding the said duties, defendants Kroger and/or Aramark, and their respective agents and employees, negligently allowed a dangerous condition to exist, to-wit: Kroger and/or Aramark, and their respective agents and employees, negligently allowed the existence of an unmarked and latent condition on the walking

2

surface near or in the entrance to or exit from the Grocery Store (the "dangerous condition"), which made the walking surface unreasonably dangerous for individuals, including Mrs. Perry, to walk on.

6. Defendants Kroger and/or Aramark, and their respective agents and employees, each knew, or reasonably should have known, of the existence of the dangerous condition.

7. Neither defendant Kroger nor defendant Aramark warned Mrs. Perry of the existence of the dangerous condition.

8. Defendants Kroger and Aramark are each vicariously liable for actions, or failures to act, of their respective agents and employees.

9. As a direct and proximate result of the negligence of defendants Kroger and/or Aramark, and/or their respective agents and employees, Mrs. Perry fell on or about January 9, 2018 while exiting the Grocery Store because of the dangerous condition, and sustained severe and permanent bodily injuries; has suffered and will continue to suffer great pain of body and mind; has sustained permanent disability and deformity; has suffered great inconvenience and mental anguish; and has incurred and will in the future incur hospital, doctors' and/or related expenses in an effort to treat and/or be cured of said injuries.

WHEREFORE, plaintiff Helen Perry moves the Court for judgment against defendants Kroger and Aramark, jointly and severally, in the sum of SEVENTY THOUSAND AND 00/100 DOLLARS ($70,000.00) together with pre- and post-judgment interest and her costs in this behalf expended.

PLAINTIFF HELEN PERRY DEMANDS A JURY TRIAL.

HELEN PERRY

_/s/ Patrick T. Fennell_

By Counsel

Patrick T. Fennell (VSB 40393)
PATRICK FENNELL, ATTORNEY AT LAW, P.C.
Post Office Box 12325
Roanoke, Virginia 24024
Telephone: 540-339-3889
Facsimile: 540-339-3880
patrick@fmtrials.com

Harry F. Bosen, Jr. (VSB 15055)
HARRY F. BOSEN, JR., P.C.
Post Office Box 1028
(306 East Main Street)
Salem, Virginia 24153
Telephone: 540-389-6940
Facsimile: 540-389-2104

Counsel for plaintiff Helen Perry.